## Willcox's Estate.

Argued January 6, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Cornelius Haggarty, Jr.,* with him *Charles D. McAvoy,* for appellant.—There is no rule of construction better settled than that the effect of a codicil shall be limited to its purpose: King's Est., 210 Pa. 435.

A revocation will not be implied unless no other construction can be placed upon the language: Sigel's Est. (No. 1), 213 Pa. 14; Wetter's App., 20 W. N. C. 499;

Reichard's App., 116 Pa. 232; Sheetz's App., 82 Pa. 213; Whelen's Est., 175 Pa. 23.

*Franklin L. Wright,* with him *Charles Townley Larzelere,* for appellee.—It is a fundamental rule that the will and the codicil thereto constitute a complete testamentary instrument: Houser v. Houser, 268 Pa. 401; Reisher's Est., 261 Pa. 223.

OPINION BY MR. JUSTICE SIMPSON, March 20, 1933:

Under testator's will, the sum of $440,000 (reduced by a codicil to $435,000) was given to trustees upon the trusts hereinafter set forth. The proceedings below arose on the audit of the trustees' account. At that time, testator's widow was dead, as was also his daughter, Anne W. Dougherty. Appellant is the only living descendant of Mrs. Dougherty, and, at the time of the audit, was over forty years of age. Because of these facts, she claims that she is entitled to receive absolutely a portion of the principal of what is herein called the minor trust, on which sum her mother had received the income for life. The court below overruled this contention, and held that the trust continued as to that sum, appellant being entitled to the income thereof only. From the resulting decree, this appeal was taken.

The first paragraph relating to the trust names the trustees, and creates an active trust respecting the $435,000. The second paragraph provides only for the disposition of the income of the trust during the life of testator's widow, who is now deceased. The later paragraphs direct that, on her death, the trust fund shall be divided into two parts, one of $135,000 (later reduced to $100,000, the change in amount being immaterial in considering the questions raised on this appeal), known as the minor trust, and one of $300,000, known as the major trust, and provide for the distribution of the principal and income of these two funds. By the second codicil, certain specific language of the will is directed to be

eliminated, and other language substituted for it, the will, as thus altered, constituting testator's changed provisions for the distribution of the income and principal of these two trusts. By striking from the will the excised language, and making the substitution called for, we ascertain with certainty from what language testator's intention is to be ascertained, and shall, therefore, now adopt that course.

Taking up first the provisions relating to the minor trust, we find that testator directs the trustees to set aside "a sufficient sum [from the securities aggregating $435,000], to yield an annual income of $1,500, which shall be paid to my daughter Mary Willcox [now deceased], during her natural life in equal quarterly or semiannual payments, with like powers of management, sale, investment and collection of income therefrom; and in trust to hold one-fifth of the balance of said $135,000 for each of my two daughters Eulalia W. Lesley and Anne W. Dougherty [the latter being appellant's mother] *upon the same uses, purposes and trusts, and subject in all respects to precisely the same limitations and conditions,* and with the same powers of management, sale, reinvestment and collection of income, *as hereinafter provided for the balance of the principal of said trust fund of $435,000, after withdrawing the $135,000 aforesaid......*"

The "hereinafter provided for" provisions, thus referred to, are in the major trust, and, so far as applicable, are as follows: "As to the balance of said trust fund of $435,000, after deducting the $135,000 at the time appointed for the same, in trust to hold and manage the same with like powers of sale and reinvestment...... and to collect the income therefrom, and after payment of all charges and expenses of said collection to pay the same in equal shares unto my daughters Eulalia W. Lesley and Anne W. Dougherty [appellant's mother] respectively; and upon the death of my daughters last aforesaid, to hold one-half of the principal of said bal-

ance of $300,000, in trust as aforesaid and to pay and apply the income thereof to the maintenance and support of such of the issue of the one so dying as shall survive her in equal shares per stirpes during the life or lives and until the death of such issue respectively." And then follows a gift over to others upon the death of such issue. Under this provision, appellant, as the issue of her mother, Anne W. Dougherty, became entitled, as the court below decreed, to a life estate in the share of which her mother also had a life estate, but to no more; and this conclusion, by reason of the above quoted provisions regarding the minor trust, applies also to it.

Under the will as originally drawn, the one-half of the principal of each trust would have passed absolutely to appellant, because she survived her mother and attained the age of forty years. She concedes this is not so as to the major trust, and that, under the will as amended by the codicil, she is entitled only to a life estate therein, exactly as the court below decreed. She contends, however, and this is the point now in issue, that a different conclusion must be reached as to the principal of the minor trust. Relying on the rule that a codicil alters a will only in so far as it is necessary to so hold in order to give full effect to the codicil, she asserts that the language of the will, as respects the devolution of the portion of the principal of the minor trust now under consideration, is not altered by the codicil, and hence, as she survived her mother, and has attained the age of forty years, she is entitled to receive at once the principal thereof. This is a much too narrow view. The rule as to the effect of a codicil on the will of which it is a codicil, is well settled, and is applied in order to determine the intention of a testator; but where the testator specifies, in exact language, how his will, as altered by his codicil, is to read, we have but to put the two together, as he directs and as we have already done, and therefrom ascertain his meaning. The question is no longer one of

finding how far the codicil alters the will; the testator has explicitly pointed that out. Consequently, where, as here, the testator says in the codicil, when dealing with the minor trust, that this portion of the principal, on the death of a life tenant, shall be held "upon the same uses, purposes and trusts, and subject in all respects to precisely the same limitations and conditions......as hereinafter provided for the balance of the principal" of the major trust, and, in that same codicil, thereinafter provides how the principal in the latter trust shall be held and distributed, the courts can but carry that intention into effect—that is, distribute the net balance of each trust in precisely the same way. This the court below did in accordance with the specified provisions regarding the major trust.

The decree of the court below is affirmed, and the appeal is dismissed at the cost of appellant.